Stephen W. Tiemann,
Attorney and Counselor at Law
Texas Bar No. 20021750
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: 817-275-7245  Fax: 817-275-1056
Proposed Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re:  NUANCHAN JOHNSON, | } | |
| a/k/a NUANCHAN J. JOHNSON | } | Case No. 10-46360-dml7 |
| | } | Chapter 7 |
| AURORA LOAN SERVICES, LLC | } | |
| Movant, | } | Hearing Date: November 9, 2010 |
| | } | Hearing Time: 9:30 a.m. |
| vs. | } | |
| | } | |
| NUANCHAN JOHNSON, Debtor, | } | |
| and CAREY DALTON EBERT, Trustee, | } | |
| Respondents. | } | |

DEBTOR'S RESPONSE TO MOTION FOR RELIEF FROM STAY
OF ACT AGAINST PROPERTY OF AURORA LOAN SERVICES, LLC

TO THE HONORABLE D MICHAEL LYNN, US BANKRUPTCY JUDGE:

COMES NOW Nuanchan Johnson, Debtor in the above-styled and numbered cause, and

files this Response to the Motion for Relief from Stay of Act Against Property of Aurora Loan

Services, LLC ("Movant") in regard to the collateral referenced in Movant's motion. In support

of this Response, Debtor would  respectfully show:

1.      Debtor admits the allegations contained in paragraph 1 of the Motion.

2.      Debtor admits the allegations contained in paragraph 2 of the Motion.

3.      Debtor is without adequate knowledge to either admit or deny the allegations

contained in paragraph 3 of the Motion, and therefore denies same.  Specifically, Debtor does not

have adequate knowledge, after reasonable inquiry, as to the true owner and holder of the alleged claim being pursued by Movant. On information and belief, Movant may not have any enforceable interests against this Debtor, or in relation to the collateral at issue. Debtor intends to amend her schedules, statement of financial affairs, statement of intent, and other applicable papers on file with this Court in the immediate future.

4. Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph 4 of the Motion, and therefore denies same. Specifically, Debtor does not know whether or not any amount is still owed in relation to the obligation referenced in the Motion.

5. Debtor is without sufficient knowledge to either admit or deny the allegations contained in paragraph 5 of the Motion, and therefore denies same.

6. Debtor is without adequate knowledge to either admit or deny the allegations contained in paragraph of the Motion, and therefore denies same. Specifically, Debtor does not have any evidence to indicate that Movant has an interest in the property which requires adequate protection.

7. Debtor denies the allegations contained in paragraph 7 of the Motion.

8. Debtor denies any allegations contained in the final, unnumbered paragraph of the Motion, to the extent any response is required. Without waiving any other claims or defenses, through omission herein, Debtor intends to demonstrate that the Movant does not have the proper standing or legal relationship to the Debtor to obtain the relief it seeks herein, and will further demonstrate that the Movant has not proven that it is entitled to any relief it may seek under state law or in state court in the event the automatic stay is lifted by this Court.

PRAYER

Debtor requests that, upon final hearing, Movant be denied all request sought by way of its Motion, and further prays that this Court grant Debtor any relief she may prove herself justly entitled to.

Signed: October 27, 2010

Respectfully submitted,

_____/s/ Stephen W. Tiemann_____
Stephen W. Tiemann
Texas Bar No. 20021750
Stephen W. Tiemann,
Attorney and Counselor at Law
2000 E. Lamar Blvd., Suite 600
Arlington, TX  76006
Tel. (817) 275-7245
Fax. (817) 275-1056
Email: steve@swtlaw.net
Proposed Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on the Attorney of Record for the Movant and all other parties in interest, via the Northern District of Texas ECF system, on the 27th day of October, 2010.

_____/s/ Stephen W. Tiemann_____
Stephen W. Tiemann