Stephen W. Tiemann,
Attorney and Counselor at Law
Texas Bar No. 20021750
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: 817-275-7245  Fax: 817-275-1056
Proposed Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| In re:   NUANCHAN JOHNSON, | } | |
| a/k/a NUANCHAN J. JOHNSON | } | Case No. 10-46360-dml7 |
| | } | Chapter 7 |
| AURORA LOAN SERVICES, LLC | } | |
| Movant, | } | Hearing Date: November 9, 2010 |
| | } | Hearing Time: 9:30 a.m. |
| vs. | } | |
| | } | |
| NUANCHAN JOHNSON, Debtor, | } | |
| and CAREY DALTON EBERT, Trustee, | } | |
| Respondents. | } | |

## DEBTOR'S OBJECTION TO MOVANT'S AFFIDAVIT IN SUPPORT OF MOTION FOR RELIEF FROM STAY OF ACT AGAINST PROPERTY

TO THE HONORABLE D. MICHAEL LYNN, US BANKRUPTCY JUDGE:

COMES NOW Nuanchan Johnson, Debtor in the above-styled and numbered cause, and files this her Objection to Movant's Affidavit in Support of Motion for Relief from Stay of Act Against Property and would respectfully show as follows:

1. Movant filed its Motion for Relief from Stay of Act Against Property (herein the "Motion") on October 13, 2010. Debtor, by and through proposed counsel, timely filed a response opposing the Motion on October 27, 2010.

2. Movant filed the Affidavit of Neva Hall (herein the "Affidavit") in support of its Motion. The testimony in the Affidavit makes a bare claim that Movant is "the holder of a claim in this case." The affiant further states that Movant's status as a holder of a claim in this case is

evidenced by that certain Note executed by the Debtor and her spouse on May 12, 2006 (herein the "<u>Note</u>").

3. Affiant accurately states that the Note was payable to Sierra Pacific Mortgage, Inc. Additionally, affiant accurately states that the Note was secured by a Deed of Trust (herein the "<u>Deed</u>" covering the real property that constitutes the Debtor's residence and homestead located at 2401 W. Dove Road in Grapevine, Texas 76051 (herein the "<u>Property</u>").[1]

**Objections**

4. The Affidavit is facially insufficient to meet the Movant's burden in order to obtain the relief sought in the Motion. In addition, the Affidavit is fatally flawed in that the Affidavit makes unsupported legal conclusions, in that documents were attached to the Affidavit which constitute hearsay (or are hearsay within hearsay), that the Affidavit does not comply with the Federal Rules of Evidence, and that even if all the documents were admissible they do not establish that Movant has standing to obtain the relief it seeks from this honorable Court.

5. The affiant states only that the Movant has a claim in the immediate bankruptcy. Such testimony constitutes a legal conclusion, or requires a finding of law by this Court. As such, the affiant's testimony by itself is insufficient to support the Motion. The Debtor's response to the Motion properly raised the issue of Movant's standing to obtain the relief it seeks, and affiant provides no other testimony within her Affidavit to establish the requisite standing.

6. Several documents were attached to the Affidavit. Subject to the Debtor's reservations of rights as stated above, the Affidavit appears to reference and contain copies of the

---

[1] While Debtor concedes the accuracy of the statements referenced in her Objection, Debtor does not waive her right to object to the admission of any documents claimed to represent the Note or the Deed, or any other documents related thereto. In addition, Debtor reserves the right to demand that the originals of all documents relevant to this transaction be produced.

Note and the Deed of Trust, as well as other unspecified documents. Some, or all, of the documents constitute hearsay, or hearsay within hearsay. Although the affiant makes a passing reference to the Note and the Deed, none of the documents attached to the affidavit are specifically referenced or incorporated by reference in the Affidavit. To the extent that Movant attempts to have any of the attached documents considered by the Court for the purpose of determining the Movant's standing, the Debtor objects pursuant to Federal Rules of Evidence 801-805.

7. The documents attached to the Affidavit are not admissible under Rule 803(6) or under Rule 902(11). Without waiving other objections or arguments, the Affidavit fails to certify that the "business records" were "made at or near the time by, or from information transmitted by, a person with knowledge". The admissibility of the documents is similarly barred by application of Rule 902(11) due to the deficiencies in the Affidavit.

8. Even if the Court were to consider the documents attached to the Affidavit, those documents fail to address the key issue in front of the Court, that being the Movant's *standing* to obtain the relief it seeks herein. Taken on their face, and in the context of the Motion, the only thing that the Movant can establish by way of the documents in question is that the Debtor executed the Note in favor of someone other than the Movant, a factual issue which is not disputed by the Movant. Importantly, there is no evidence, either in the Affidavit or in the documents attached thereto, which provide any evidence that the Movant has standing to seek relief from the automatic stay as it relates to the Property. Failing such evidence, the Movant has not met its burden.

## Prayer

For the reasons stated herein, Debtor respectfully objects to the admission of the Affidavit for purposes of determining the Movant's standing to obtain relief from the automatic stay as it relates to the Property, that the Motion be in all things denies; or alternatively, that the Motion be set for Final Hearing on the Court's docket on a setting that allows for adequate discovery, and for all other relief to which Debtor may show herself justly entitled.

Signed: November 8, 2010.

Respectfully submitted,

*/s/ Stephen W. Tiemann*
Stephen W. Tiemann
Texas Bar No. 20021750
Stephen W. Tiemann,
Attorney and Counselor at Law
2000 E. Lamar Blvd., Suite 600
Arlington, TX 76006
Tel. (817) 275-7245
Fax. (817) 275-1056
Email: steve@swtlaw.net
Proposed Counsel for Debtor

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document has been served on the Attorney of Record for the Movant and all other parties in interest, via the Northern District of Texas ECF system, on the 8th day of November, 2010.

*/s/ Stephen W. Tiemann*
Stephen W. Tiemann